### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:13-CV-3033** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **DIRECTOR, NATIONAL** | : | |
| **SECURITY AGENCY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

AND NOW, this 30th day of January, 2014, upon consideration of the *pro se*

plaintiff's motion (Doc. 6) for reconsideration, and it appearing that plaintiff fails to

demonstrate reliance on one of three major grounds needed for a proper motion for

reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218

(3d Cir. 1995) (stating three major grounds include "(1) an intervening change in

controlling law; (2) the availability of new evidence [not available previously]; [or],

(3) the need to correct clear error [of law] or prevent manifest injustice." ), but,

instead, simply disagrees with the court's decision, see Waye v. First Citizen's Nat'l

Bank, 846 F. Supp. 310, 314 (M.D. Pa. Feb. 4, 1994) (finding that "[a] motion for

reconsideration is not to be used to reargue matters already argued and disposed

of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); also Database America, Inc. v. Bellsouth

Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. June 15, 1993) (citations

omitted) (holding "[a] party seeking reconsideration must show more than a

disagreement with the Court's decision, and 'recapitulation of the cases and

arguments considered by the court before rendering its original decision fails to

carry the moving party's burden.'"), it is hereby ORDERED that plaintiff's motion

(Doc. 6) is summarily DENIED.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania